IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Respondent/Plaintiff, )<br>vs. )<br> )<br>JOHN EARL THOMAS, )<br>ID # 29807-177 )<br>    Movant/Defendant. ) | No. 3:03-CR-078-N (10)<br>No. 3:06-CV-1112-N (BH)<br>ECF |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant John Earl Thomas filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

**B. Procedural History**

As a result of his plea of guilty to Count 1 of the indictment, defendant Thomas was adjudged guilty of conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On May 20, 2003, he pleaded guilty, and on January 20, 2004, was sentenced to 188 months' imprisonment and a five-year term of supervised release. Movant filed a notice of appeal, but his conviction was affirmed by the United States Court of Appeals for the Fifth Circuit.

Martinez timely filed a motion under 28 U.S.C. § 2255. He seeks relief on the ground that

counsel provided ineffective assistance of counsel because (1) his plea of guilty was involuntary where counsel failed to inform him that in order to be convicted of conspiring to distribute in excess of 50 grams of cocaine base, the government had to prove that the conspiracy was to distribute in excess of 50 grams *at one time*; (2) he did not raise the issue at sentencing; and (3) he failed to raise the issue on direct appeal. (Motion at 5; Memorandum at 7-11.) The government filed a response to the motion, and Thomas filed a reply.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984): "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."[1] This same test applies to challenges to guilty pleas based upon ineffective assistance of counsel.[2]

In order to show the deficiency component, the burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[3] A district court then determines whether, "in light of all the circumstances, the

---

[1] *Strickland,* 466 U.S. at 687.

[2] *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

[3] *Strickland,* 466 U.S. at 690.

identified acts or omissions were outside the wide range of professionally competent assistance."[4] There is a strong presumption that the performance of counsel falls within this range.[5] In order to prove prejudice in the plea process, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[6]

**A. <u>Voluntariness of Plea</u>**

Because a guilty plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."[7] Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances–even though the defendant may not know the specific detailed consequences of invoking it."[8] With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might

---

[4] *Id., Hill,* 474 U.S. at 57-58, *citing Tollet v. Henderson,* 411 U.S. 258 (1973) and *McMann v. Richardson,* 397 U.S. 759 (1970).

[5] *United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[6] *Hill,* 474 U.S. at 59.

[7] *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[8] *Id.* at 630.

3

labor."⁹  "[A] defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."¹⁰

A guilty plea may be invalid if induced by a defense counsel's unkept promises.¹¹ Ordinarily, however, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."¹² "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."¹³ Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."¹⁴

Thomas contends that he did not understand that his plea of guilty to the conspiracy to distribute in excess of 50 grams meant that he had to conspire to distribute that amount at one time. Although Thomas filed a factual resume and plea agreement, at his arraignment, he pleaded guilty without a plea agreement. (May 20, 2003, Arraignment Transcript at 10-11.) In the factual resume, Thomas acknowledged by his signature that he knew the conspiracy offense included as an element an agreement to distribute in excess of 50 grams of crack cocaine. (Factual Resume at 1.) He also admitted that he conspired with other members of the "United Nigger Crips (UNC) street

---

⁹*Id.*

¹⁰*United States v. Hernandez,* 234 F.3d 252, 255 (5th Cir. 2000).

¹¹*United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989).

¹²*United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985) (quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

¹³*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

¹⁴*See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

4

gang" on various instances to meet together on Cymbal Drive in Dallas, Texas, to distribute crack cocaine. (Factual Resume at 2.) At the arraignment proceeding, Thomas admitted that he signed the factual resume, and that everything stated therein was true and correct. (May 20, 2003, Tr. at 14.) He further testified that he understood and committed each of the three elements of the offense, including that "two or more persons, directly or indirectly, reached an agreement to distribute in excess of 50 grams of 'crack cocaine' a mixture of substance containing cocaine base." (May 20, 2003, Tr. at 9.) He acknowledged that no one had attempted to force him to plead guilty. (May 20, 2003, Tr. at 9.) After the prosecutor recited that the penalties could include "imprisonment for a period of not less than 10 years or more than life," Thomas testified that he understood his guilty plea subjected him to such penalties. Further, Thomas acknowledged that he understood that if his sentence was more severe than he expected, he would still be bound by the plea of guilty and would have no right to withdraw it. (May 20, 2003, Tr. at 12.) Thomas also testified that he had discussed the case and the charges against him with his attorney, and "[was] fully satisfied with representation and advice [he] received." (May 20, 2003, Tr. at 13.)

After review of the record, Thomas has not made any sufficient showing that counsel was deficient with regard to the entry of a plea of guilty. He fails to show why the Court should not afford "great evidentiary weight" to the factual resume he agreed to, and afford the "strong presumption of verity" to his prior sworn testimony that he entered his guilty plea knowingly and voluntarily. Thomas has not shown that counsel engaged in deficient conduct with regard to the allegation that he failed to inform Thomas that his plea to a conspiracy to distribute in excess of 50 grams effectively meant more than 50 grams at one time. Proof of a conspiracy to possess with intent to distribute drugs does not require proof that all of the drugs were intended to be distributed

5

at the same time.[15] The Court should find that Thomas has not shown that counsel was ineffective on this first claim.

**B. <u>Sentencing</u>**

Although Thomas also alleges that counsel was ineffective at sentencing, he has not provided any factual allegations to support this claim. To set out an ineffective claim arising from sentencing, Thomas must show that there was a reasonable probability that, but for counsel's actions, he would have received a lower sentence.[16] To the extent this claim is a restatement of the challenge to being held responsible for in excess of 50 grams, counsel did challenge the government's drug quantity calculations at sentencing.[17] (January 20, 2004, Sentencing Tr. at 184.) The Court rejected counsel's arguments. (January 20, 2004, Sentencing Tr. at 202.) Thomas has not shown a reasonable probability of a lower sentence.[18] Thus, counsel was not ineffective on this second claim.

---

[15]*See generally United States v. Gonzalez,* 79 F.3d 413, 423 (5th Cir. 1996) ("To establish a drug conspiracy under 21 U.S.C. §§ 841(a)(1) and 846, the government must prove: 1) the existence of an agreement between two or more persons to violate federal narcotics laws; 2) the defendant's knowledge of the agreement; and 3) the defendant's voluntary participation in the agreement. U.S. v. Gallo, 927 F.2d 815, 820 (5th Cir.1991) . . . To convict a defendant of possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed cocaine (3) with intent to distribute it." *Id.*).

[16]*United States v. Grammas,* 376 F.3d 433, 438 (5th Cir. 2004).

[17](January 20, 2004, Sentencing Tr. at 184-185:

> But then, on the other hand, they are holding him responsible fore everything that happened on Cymbal Drive. And we believe that's unfair. We believe that is not accurate because, again, we have nothing in the record thus far to show what Mr. Thomas agreed to in terms of the government's case of him being responsible for 500 to 1.5 kilograms of cocaine. And we would just ask the Court to find that Mr. Thomas is responsible for the next level down. Again out of abundance of caution, for their failure to show that he's responsible for the amount that hey have attempted to prove.)

[18]To the extent that this claim could be construed as a claim that counsel was ineffective for not objecting to consideration of drug quantities beyond those to which Thomas admitted in the factual resume, such claim also is not supported. As noted above, Thomas admitted in the factual resume to involvement in an ongoing conspiracy at various times with the intent of distributing crack cocaine. (Factual Resume at 2.) Thus, Thomas was aware that he could be held accountable for more than the overt act transactions he also admitted to in the Factual Resume. (Factual Resume at 3-4.) Post *Booker,* a sentencing judge "is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines

C. **Appeal**

Thomas also alleges that counsel was ineffective for failing to challenge his plea of guilty to the conspiracy to distribute in excess of 50 grams on appeal. In order to support a claim of ineffective assistance of counsel on appeal, Thomas must show that non-frivolous issues existed that counsel failed to raise, and that but for counsel's failure to raise such issues, the result of the appeal would have been different.[19] As noted above, however, as there is no requirement that the government prove that the conspiracy was to distribute 50 grams or more at one time. Any claim that counsel was ineffective for not raising such issue on appeal is therefore without merit. Thomas cannot show that the failure to assert such challenge was deficient, or that had such issue been raised on appeal, the result of the appeal would have been different. The Court should find that counsel was not ineffective as to this last claim.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

---

sentence." In determining the offense level of a defendant convicted of a drug conspiracy, the Court may consider the drug quantities attributed to a defendant as part of his "relevant conduct" closely related to and in furtherance of the charged drug conspiracy. A review of the PSR, and the lengthy presentation of the government's witnesses in calculating the drug quantities of the conspiracy during the sentencing proceeding, confirms that the additional drug quantities were properly considered in the calculation of Thomas's sentence. (Dec. 23. 2003, Second Addendum to the PSR at 2-3; January 20, 2004, Sentencing Tr. at 23, 58, 68, 202-204, 226.)

[19]*Smith v. Robbins,* 528 U.S. 259, 285 (2000).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 12th day of June**, **2008**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE